UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| HUNTINGTON HILL TOWNHOUSES CONDOMINIUM OWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Company, AMCO INSURANCE COMPANY, an Iowa Company, ALLSTATE INSURANCE COMPANY, an Illinois Company, and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO. 3:17-cv-05422<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**<br><br>**JURY DEMAND** |

Plaintiff Huntington Hill Townhouses Condominium Owners Association (the "Association") alleges as follows:

## I.   INTRODUCTION

1.1   This is an action for declaratory judgment and money damages, seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association.

(B)   Money Damages.

(C)   Any other relief the Court deems just and equitable.

///

///

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES (3:17-cv-05422) - 1

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Tacoma, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Huntington Hill Townhouses, located at 2902 – 2906 South Proctor Street, Tacoma, Washington 98409 (the "Project"), for the common enjoyment of the unit owners.

2.2 <u>Nationwide Mutual Insurance Company.</u> Nationwide Mutual Insurance Company is a company organized under the laws of Ohio with its principal place of business in Ohio. On information and belief, Nationwide Mutual Insurance Company sold insurance policies to the Association, including Policy Nos. ACP APCA 7500638675 (in effect from January 25, 2000 – January 25, 2001), ACP APCA 7510638675 (in effect from January 25, 2001 – January 25, 2002), and ACP CPP 7530638675 (in effect from January 25, 2003 – January 25, 2004). On information and belief, the Nationwide Mutual Insurance Company policies identify the Huntington Hill Townhomes as covered property.

2.3 <u>AMCO Insurance Company.</u> AMCO Insurance Company is a company organized under the laws of Iowa with its principal place of business in Iowa. On information and belief, AMCO Insurance Company sold insurance policies to the Association, including Policy No. ACP BPH 7520638675 (in effect from January 25, 2002 – January 25, 2003). On information and belief, the AMCO Insurance Company policies identify the Huntington Hill Townhomes as covered property. Hereinafter, AMCO Insurance Company and Nationwide Mutual Insurance Company shall be collectively referred to as "Nationwide."

2.4 <u>Allstate Insurance Company.</u> Allstate Insurance Company ("Allstate") is a company organized under the laws of Illinois with its principal place of business in Illinois. On information and belief, Allstate sold insurance policies to the Association including Policy No. 0 50 798571 (in effect from January 25, 2004 – January 25, 2007). The Allstate policies identify the Huntington Hill Townhouses as covered property.

///

2.5     <u>Doe Insurance Companies 1–10.</u>  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Huntington Hill Townhouses as covered property.

2.6     <u>Huntington Hill Insurers</u>.  Nationwide Mutual Insurance Company, AMCO Insurance Company, Allstate, and Doe Insurance Companies 1–10 shall be collectively referred to as the "Huntington Hill Insurers."

2.7     <u>Huntington Hill Policies</u>. The policies issued to the Association by the Huntington Hill Insurers shall be collectively referred to as the "Huntington Hill Policies."

### III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Huntington Hill Insurers marketed and sold insurance to the Association in Tacoma; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in Tacoma; and the insured condominium building is located in Tacoma.

### IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Initial Investigation.</u> In November 2015, Dimensional Building Consultants, LLC ("Dimensional") conducted a limited intrusive investigation of the Huntington Hill Townhouses. During the investigation, building cladding was removed at six select locations, where Dimensional observed water damage to the structural sheathing and wood framing.

4.3     <u>Tender to Huntington Hill Insurers.</u> On May 13, 2016, the Association tendered to the Huntington Hill Insurers for the damage discovered by Dimensional. The Association also asked the Huntington Hill Insurers to investigate for any other hidden damage that may exist at the Project. The Association requested that the Huntington Hill Insurers enter into a tolling agreement in order

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES (3:17-cv-05422) - 3

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

1 to suspend the running of the suit limitations period in the Huntington Hill Policies while the
2 insurers investigate and make a claim decision.

3   4.4   Joint Intrusive Investigation. In November 2016, the Association and Allstate participated in
4 a joint intrusive investigation of the Project. Nationwide declined to participate in the investigation.
5 On March 22, 2017, Donald Schellberg of Madsen, Kneppers & Associates, Inc. ("MKA"), a
6 consultant retained on behalf of Allstate, issued a report setting forth his opinions and conclusions
7 based on the joint intrusive investigation. Mr. Schellberg determined that a combination of
8 inadequate construction and water intrusion caused the damage identified during the joint intrusive
9 investigation.

10   4.5   Nationwide's Denial. Despite the fact that Nationwide has not investigated the Project,
11 Nationwide issued a letter denying coverage on March 6, 2017, approximately ten (10) months after
12 the Association tendered its claim.

13   4.6   Allstate's Denial. Allstate issued a letter denying coverage on May 11, 2017, nearly one year
14 after the date the claim was tendered.

15   4.7   Tolling Agreements with Nationwide and Allstate. After the claim was tendered, Nationwide
16 and Allstate entered into tolling agreements with the Association pausing the contractual suit
17 limitations period in their respective policies. Shortly before the filing of this Complaint, Allstate
18 informed the Association's counsel that it would not extend its tolling agreement.

## V. FIRST CLAIM:
### DECLARATORY RELIEF THAT THE HUNTINGTON HILL POLICIES COVER HIDDEN DAMAGE CAUSED BY WATER INTRUSION

21   5.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the
22 allegations of paragraphs 1.1 through 4.7, above, as if fully set forth herein.

23   5.2   Declaratory Relief. An actual, present and justiciable controversy has arisen between the
24 Association and the Huntington Hill Insurers regarding the interpretation of its policies. The
25 Association seeks declaratory relief from the Court in the form of determinations regarding the
26 following disputed issues:

27 ///

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES (3:17-cv-05422) - 4

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

1        a.      The loss at the Huntington Hill Townhouses was incremental and progressive hidden damage caused by water intrusion over many years. New damage from water intrusion commenced during each year of the Huntington Hill Policies.

       b.      The Huntington Hill Policies cover the entire loss, and/or the damage that commenced during each of their policy periods.

       c.      No exclusions, conditions, or limitations bar coverage under the Huntington Hill Policies for damage to the Huntington Hill Townhouses.

       d.      As a result, the Huntington Hill Policies should be interpreted to cover some or all of the costs of repairing the hidden damage to the Huntington Hill Townhouses.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

6.1     <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the Huntington Hill Policies provide coverage as described herein.

6.2     <u>Money Damages</u>. For money damages in an amount to be proven at trial.

6.3     <u>Other Relief</u>. For such other and further relief as the Court deems just and equitable.

## VII. DEMAND FOR JURY TRIAL

7.1     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 2nd day of June, 2017.

STEIN, SUDWEEKS & HOUSER, PLLC

*/s/ Justin Sudweeks*
*/s/ Jessica Burns*
Justin Sudweeks, WSBA 28755
Jessica Burns, WSBA 49852
Attorneys for Plaintiff
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: justin@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES (3:17-cv-05422) - 5

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660